IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| URBANIQUE PRODUCTION, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:03cv1150-D |
| | ) | WO |
| THE CITY OF MONTGOMERY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the court is Defendant City of Montgomery's partial motion to dismiss. (Doc. No. 49.) Plaintiffs filed a response in opposition. (Doc. No. 52.) For the reasons to follow, the court finds that the motion is due to be denied.

Plaintiffs, who are now represented by counsel, originally brought this lawsuit *pro se* against "The Narcotics and Intelligence Bureau of the Montgomery Police Department," Castle Ridge Apartment Homes and Charles Williams. (Doc. No. 1.) The court dismissed all claims with prejudice and without leave to amend. (Doc. Nos. 27 & 30.) As to "The Narcotics and Intelligence Bureau," upon recommendation of the Magistrate Judge, the court found that the Bureau is "not a legal entity subject to suit or liability" under 42 U.S.C. § 1983. (Doc. No. 19 at 4; Doc. No. 27.) The court also found that Plaintiffs' § 1983 claims against Charles Williams and Castle Ridge Apartment Homes were not actionable because these defendants are not "state actors." (Id. at 4-5.) The court entered a final judgment in favor of the defendants. (Doc. No. 28.)

Plaintiffs appealed the court's judgment, arguing that the court should have permitted them to amend the complaint to substitute the City of Montgomery as the defendant in this case.  The Eleventh Circuit agreed with Plaintiffs.  In a *per curiam* opinion, the Eleventh Circuit vacated the court's judgment and remanded this cause with instructions that "the court grant plaintiffs such leave" to amend.  (Doc. No. 37 at 2.)  Complying with the mandate of the Eleventh Circuit, the court entered an order substituting the City of the Montgomery as a defendant and directing Plaintiffs to file an amended complaint.  (Doc. No. 39 at 2.)

In the amended complaint, Plaintiffs added not only the City of Montgomery as a defendant, but also claims against two City of Montgomery police officers, J.T. Conway and Chris Wingard.  (Doc. No. 41.)  The court, thereafter, granted Plaintiffs leave to file a second amended complaint.  (Doc. Nos. 43, 46, 47.)  In the second amended complaint, Plaintiffs seek relief under 42 U.S.C. § 1983 from Conway and Wingard in their individual capacities for Fourth and Fourteenth amendment deprivations arising from an alleged unlawful search of Plaintiffs' residence and place of business.  (Doc. No. 47 ¶¶ 7-8, 13, 26-38.)  Plaintiffs also join supplemental state law claims against Conway and Wingard for assault and battery and wantonness.  (Id. ¶¶ 44-46.)

The City of Montgomery moves to dismiss the claims against Conway and Wingard, asserting that the addition of these two individual defendants "exceeds the scope of instruction given by the Eleventh Circuit."  (Doc. No. 49 at 2.)  The court disagrees with the City of Montgomery that the mandate prohibits the court from taking

2

any action other than granting Plaintiffs leave to substitute the City of Montgomery as a defendant.

Under this circuit's "well-settled 'mandate rule,'" a species of the law of the case doctrine, trial courts must strictly comply with the mandate directed to them by the reviewing courts. Pelletier v. Zweifel, 987 F.2d 716, 718 (11th Cir. 1993). Although lower courts must execute the terms of a mandate, they also may decide any issue "'not foreclosed by the mandate.'" Edlin v. M/V Truthseeker, 69 F.3d 392, 393 (9th Cir. 1995) (citation omitted); see also Newball v. Offshore Logistics Int'l., 803 F.2d 821, 826 (5th Cir. 1985) ("A mandate controls on all matters within its scope, but a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal."); Gulf Coast Bldg. and Supply Co. v. Local 480, Int'l Brotherhood of Electrical Workers, 460 F.2d 105, 107 (5th Cir. 1972) (same).

In keeping with the foregoing principle, in Schwartz v. Florida Board of Regents, a lawsuit arising under the equal pay act, the Eleventh Circuit held that its prior holding did not prohibit the district court on remand from ruling that the employer had established non-discriminatory reasons for the pay disparity. See 954 F.2d 620, 622-623 (11th Cir. 1991). The Eleventh Circuit concluded that its previous opinion did not address in any fashion whether non-discriminatory reasons existed for the pay differential, but merely held that the district court had erred in finding that there was no pay disparity. See id. at 622-23; see also Sierra Club v. Penfold, 857 F.2d 1307, 1312 (9th Cir. 1988) ("Once remanded, the district court was free to rule not only on the issue directed in the remand,

3

but other issues as well so long as our mandate did not direct to the contrary. Thus, the remand could include allowance of additional pleadings or amendments varying or expanding the issues.") (internal citation omitted).

Here, the Eleventh Circuit did not rule upon, or even have before it for consideration, the claims against the new individual defendants. There is, thus, no law of the case on these claims. Moreover, the Eleventh Circuit's opinion does not expressly limit Plaintiffs' lawsuit to a § 1983 claim of municipal liability against the City of Montgomery. The Eleventh Circuit merely concluded that Plaintiffs should be permitted to amend their complaint to assert a claim against the proper party -- the City of Montgomery. The opinion is devoid of any language precluding consideration of new claims or amendments. The court, therefore, finds that the mandate does not foreclose Plaintiffs from amending their complaint to add additional claims and parties.[1]

Accordingly, based on the foregoing, it is CONSIDERED and ORDERED that Defendant City of Montgomery's partial motion to dismiss be and the same is hereby DENIED.

Done this 23rd day of June, 2005.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The court notes that, although it has allowed Plaintiffs to add Conway and Wingard as defendants, the merits of the claims against these individuals are not before the court at this time, and the court intimates no opinion thereon.