IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

URBANIQUE PRODUCTIONS/         )
MUSIC PUBLISHING, et al.,      )
                              )
            Plaintiff,         )
                              )
v.                            )          CIVIL ACTION NO. 2:03CV1150-ID
                              )          [WO]
THE CITY OF MONTGOMERY,        )
et al.,                       )
                              )
            Defendants.        )

## ORDER ON MOTION

On 19 March 2006, the plaintiff filed a Motion to Compel Or Otherwise to Strike the Affidavit of Defendant Conway[1] (Doc. # 62). The defendant filed a response on 24 March 2006 (Doc. # 63). The plaintiff seeks an order compelling the defendants to produce two of the defendants' confidential informants, Eric Keller and Amananda Blaisdale, for depositions. The plaintiff also avers that he has made a diligent search for the two prospective deponents but he has "been unable to locate them".

The court has reviewed the defendants' response and has noted, but not considered, the defendants' representations, because the plaintiff has failed to make the requisite showing to warrant an order compelling the defendants to produce the two witnesses. Specifically, the plaintiff failed to allege that either of the two persons are employed by the defendants or

---

[1]The motion to compel is referred to the Magistrate Judge, while the motion to strike the affidavit is referred to the presiding judge, who will decide the pending motion for summary judgment.

are otherwise under their control.  For aught that appears from the face of the motion, neither

person is employed by defendants, and neither person is in the defendants' custody and

control.  Accordingly, it appears that neither is subject to the defendants' direction.[2]  For that

reason, it is

ORDERED that the motion to compel is DENIED.

DONE this 27th day of March, 2006.


/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

[2]In that regard, the court notes the defendants' averment that "Keller never entered
into a formal confidential informant's agreement to work with the Montgomery Police
Department, and Defendants, therefore have no information with which her whereabouts
can be determined" (Doc. # 63).